UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>$9,171.00 UNITED STATES CURRENCY, )<br>*et al.* )<br>Defendants. )<br>_____ )<br>)<br>MONTE SCRUGGS, )<br>NIKKI JONES, )<br>BRANDY SCURLOCK, )<br>CHRISTOPHER GLASS, )<br>)<br>Claimants. ) | No. 1:16-cv-00483-TWP-MJD |

**ORDER ON MOTION TO STAY**

This civil forfeiture action is before the Court on the United States' Motion to Stay Proceedings [Dkt. 33] during the pendency of criminal matter *United States v. De La Cruz*, No. 1:15-cr-00150 (S.D. Ind. filed July 22, 2015). Claimants Jones, Scruggs, and Scurlock (the "Represented Claimants") oppose the United States' Motion.[1] [Dkt. 35.] For the following reasons, the Court **GRANTS** the United States' Motion.

**I. Background**

On March 1, 2016, the United States filed its Complaint seeking the forfeiture of $9,171.00 seized from an Indianapolis residence, $7,058 seized from a vehicle, and several firearms [Dkt. 1], which were seized as part of the FBI Safe Streets Gang Task Force's

---

[1] Claimant Glass, proceeding *pro se*, did not file a response to the motion to stay.

1

investigation into the "Block Burners Gang" of Indianapolis [Dkt. 33 at 1-2 (citing Complaint & Affidavit, *De La Cruz*, No. 1:15-cr-00150 (S.D. Ind. July 22, 2015), ECF No. 1 ("Criminal Complaint")).] The investigation led to the arrest and indictment for drug and firearms charges of one William Dodd [Dkt. 33 at 3 (citing Indictment, *De La Cruz*, No. 1:15-cr-00150 (S.D. Ind. Aug. 11, 2015), ECF No. 38)], alleged to be the leader of the Block Burners Gang [Dkt. 33 at 2 (citing Criminal Complaint)]. On September 8, 2016, as a result of ongoing investigations, a grand jury indicted Dodd on additional charges of money laundering and spending more than $10,000 in criminally-derived proceeds. [Dkt. 33 at 3 (citing Superseding Indictment, *De La Cruz*, No. 1:15-cr-00150 (S.D. Ind. Sept. 8, 2016), ECF No. 113).]

The claimants in this case have several connections to Dodd and the ongoing *De La Cruz* prosecution. All of the seizures in this case occurred as part of the investigation into the Block Burners Gang. [Dkt. 1 at 3-4.] Claimant Scruggs is alleged to be an associate of Dodd. [Dkt. 1 at 5.] Claimant Jones is connected to a house allegedly used as a drug distribution site by Dodd and the Block Burners Gang. [Dkt. 1 at 7.] Finally, Counsel for the Represented Claimants in this matter is also Dodd's counsel in the *De La Cruz* criminal matter. *See* Notice of Attorney Appearance, *De La Cruz*, No. 1:15-cr-00150 (S.D. Ind. Aug. 12, 2015), ECF No. 37. None of the Represented Claimants have been charged in federal court as a result of the investigation into the Block Burners Gang, though the United States represents that the investigation is ongoing and may yet result in additional prosecutions. [Dkt. 33 at 10.]

On September 1, 2016, the Represented Claimants served various discovery requests on the United States which included, for example, the following requests for production:

- REQUEST NO. 2: All documents or tangible items acquired through administrative, judicial [sic] and/or subpoenas <u>issued to third parties</u> relevant to this investigation and litigation. [Dkt. 33-1 at 8 (emphasis in original).]

- REQUEST NO. 7: All documents or tangible items generated by any law enforcement officer or police agency <u>during this investigation and relevant thereto</u>, including but not limited to officer's notes, reports, affidavits, emails, letters, laboratory reports, and/or scientific tests. [Dkt. 33-1 at 9 (emphasis in original).]

Rather than respond to such requests, on October 5, 2016 the United States filed a Motion to Stay Proceedings during the pendency of *De La Cruz*, which Motion is presently before the Court. [Dkt. 33.]

## II. Discussion

The United States argues that a stay of this this civil forfeiture proceeding is required under 18 U.S.C. § 981(g)(1) because discovery in this matter would prejudice the United States in the *De La Cruz* criminal matter and the Block Burners Gang investigation. The Represented Claimants ask the Court to either deny the Motion or require the United States to present evidence establishing prejudice on an *ex parte* basis.

Section 981(g) provides in relevant part:

(g)(1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.
. . .
(3) With respect to the impact of civil discovery described in paragraphs (1) and (2), the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case. In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such

3

>protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.
>. . .
> (5) In requesting a stay under paragraph (1), the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial.

18 U.S.C. § 981(g).

Section 981(g) thus sets out three requirements for granting a stay. First, the civil and criminal matters must be "related." *Id.* § 981(g)(1), (4). Second, discovery in the civil matter must "adversely affect" the investigation or prosecution in the criminal matter. *Id.* § 981(g)(1). Third, even if the first two requirements are met, the Court may instead issue a protective order limiting discovery if it would sufficiently and fairly protect the parties' interests. *Id.* § 981(g)(3). The Court addresses each in turn.

### A. Relatedness

In support of their contention that this case is related to the Block Burner Gang investigation and *De La Cruz*, the United States points to the connections between the Represented Claimants in this case and the criminal investigation, as described in the verified complaints in *De La Cruz* and in this matter. The United States emphasizes that the Represented Claimants' discovery requests seek information from the investigation.

In response, the Represented Claimants argue that "[t]he Government never demonstrates how the cases are related other than they grew out of a large comprehensive investigation involving thirty search warrants. Neither the complaint nor the motion allege that Jones or Scurlock were members of the Block-burners gang or involved in criminal activity." [Dkt. 35 at 4.]

In reply, the United States reiterates its arguments and contends that its showing is sufficient to establish the relatedness prong.

Section 981(g)(4) defines "related" as used in the statute, providing that "the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." 18 U.S.C. § 981(g)(4).

While being involved in the criminal activity that is the subject of the criminal matter would undoubtedly satisfy this standard, the Court rejects the Represented Claimants' insinuations that the complaint or motion must allege that the claimants "were members of the Block-burners gang or involved in criminal activity" [Dkt. 35 at 4] because the statute specifically rejects such a requirement, *see* 18 U.S.C. § 981(g)(4) (providing that the Court may not require "an identity with respect to any one or more factors").

The Court further rejects the Represented Claimants' contention that "[t]he Government never demonstrates how the cases are related other than they grew out of a large comprehensive investigation involving thirty search warrants." The Represented Claimants seem to argue that because the investigation out of which both this case and *De La Cruz* arose was "large" and "comprehensive," it somehow is insufficient to show the relatedness of the matters. The statute places no such qualifier on the size of an investigation, stating that a "related criminal investigation" means "an actual . . . investigation in progress," 18 U.S.C. § 981(g)(4). It would of course be unacceptable to assert that all investigations that are part of the so-called "war on drugs" are related, for example. But in this case the United States describes the Represented Claimants' specific ties to the investigation of Dodd—a particular criminal defendant in *De La Cruz*—in sufficient detail for the Court to conclude that this matter is related both to the Block Burners Gang investigation and to the *De La Cruz* criminal matter. The Represented Claimants' discovery requests further highlight the relevance of the witnesses, facts, and circumstances of

5

the criminal proceedings, requesting numerous records from the criminal investigation itself. The United States has satisfied the relatedness requirement.

### B.  Adverse Effect

The United States argues that civil discovery in this matter will adversely affect the related criminal matter, pointing again to the connections between the Represented Claimants in this case and the Block Burner investigation.  The United States emphasizes the prying nature of the discovery requests and the fact that counsel for the Represented Claimants represents Dodd in *De La Cruz*.

In response, the Represented Claimants argue that the United States is merely asking the Court to assume that the United States will suffer prejudice without a stay and should be required to do more.  The Represented Claimants further argue that Claimant Scruggs received at least some of the discovery at issue in state criminal proceedings that have since been dismissed.

In reply, the United States points to the allegations in the instant case coupled with allegations in the sworn complaint filed in *De La Cruz* as establishing the need for a stay in this case.  The United States maintains that there is no need for further submission of evidence.

From the outset, the Court notes that the standard for the showing required to establish an adverse effect under § 981(g)(1) is not as settled as the United States suggests.  The United States cites to several cases establishing what appears to be a very friendly standard to the United States in such cases.  The Central District of California, for example, determined that "Section 981(g)(1) does not require a particularized showing of prejudice or specific harm; rather, all that the Court must determine is whether the civil discovery will interfere with the criminal investigation." *United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1183 (C.D. Cal. 2011) (citing *United States v. $1,026,781.61 in Funds from Floridal Capital Bank*,

No. CV 09–04381, 2009 WL 3458189, *2 (N.D. Cal. Oct. 21, 2009)). While the *One 2008 Audi* court went on to detail the specific dangers of unwarranted civil disclosures in that case, 866 F. Supp. 2d at 1184, the *$1,026,781.61* court found that a conclusory declaration as to discovery overlap between the related civil and criminal matters was sufficient, 2009 WL 3458189, at *2 ("The Court finds that the Bernal declaration, with its explanation that civil discovery would allow claimants to learn of the nature and scope of the investigation and anticipate future investigative action, is sufficient to establish that civil discovery will likely interfere with the pending criminal investigation.").

Other courts, however, have required something more. A court in the Northern District of Texas, for example, interpreted the statutory language to require "an actual showing regarding the anticipated adverse affect" on the related proceeding beyond "speculative and conclusory theories" of potential abuse of the discovery process. *United States v. All Funds ($357,311.68) Contained in N. Trust Bank of Florida Account No. 7240001868*, No. CIV.A.3:04-CV-1476-G, 2004 WL 1834589, at *2 (N.D. Tex. Aug. 10, 2004); *accord United States v. $3,592.00 United States Currency*, No. 15-CV-6511-FPG, 2016 WL 5402703, at *2 (W.D.N.Y. Sept. 28, 2016) ("But to grant a stay on this record, without any specific showing and when no lesser alternatives (such as a protective order, or preliminarily limiting discovery to certain areas or types) have even been attempted, in this Court's view would be inconsistent with the standard articulated by the statute."). The *$3,592* court denied a motion for stay without prejudice even where the claimant was indicted for maintaining a drug operation at the same location from which the defendant currency was seized. 2016 WL 5402703, at *1. The court was unwilling to merely assume that the connectedness between the civil and criminal matters would adversely affect the government's ability to prosecute the criminal case. *Id.*; *see All Funds*, 2004 WL 1834589, at *2

7

("There is no presumption that civil discovery, in itself, automatically creates an adverse affect on the government's related criminal proceeding.").

Section 981(g)(1) undoubtedly requires some showing of adverse effect above the relatedness inquiry described in subparagraph (4), though the two will frequently be related. To conclude otherwise would collapse the first two prongs of the test and write the "adversely affect[ing]" language out of the statute. Furthermore, some measure of detail is required before the Court may determine whether a protective order would suffice to protect the movant's interests under subparagraph (3). In any event, the Court does not need to decide the precise showing required by § 981(g)(1) in this case. The Represented Claimants do not challenge the standards suggested by the United States. Most critically, however, the United States has made the showing of potential harm required by the courts in *All Funds* and *$3,592*. The stay in this case is not premised upon speculative discovery requests but instead upon actual requests seeking documents from the criminal investigation. Moreover, the Represented Claimants' counsel is also counsel for Dodd in the *De La Cruz* case, and the Court may not ignore the realities of cognitive processing and expect said counsel to hermetically seal the information he may learn in the civil matter to avoid considering it in the criminal matter.

In so concluding, the Court rejects the Represented Claimants' request that it require the United States to present further evidence *in camera*. Section 981(g)(5) provides that "the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial." 18 U.S.C. § 981(g)(5). As already explained, however, the Court is able to conclude based upon the United States' submissions that they have satisfied the relatedness and adverse effect prongs of the statute. This is therefore not an "appropriate case" for further *ex parte* submissions. *Id.*

The Court also rejects the Represented Claimants' argument that the United States is asking the Court to stay this case merely based upon their say-so. The United States relies upon allegations in two verified complaints, both made under oath and subject to the penalties for perjury, as well as the Represented Claimants' discovery requests. As the United States points out, these are precisely the types of submissions courts rely upon when assessing the need for a stay under § 981(g). *See, e.g.*, *United States v. $160,280.00 in U.S. Currency*, 108 F. Supp. 3d 324, 325 (D. Md. 2015) (relying upon verified complaints and discovery requests to assess the adverse effect of civil discovery). In this case, these submissions establish that discovery in this matter will adversely affect the United States' ability to conduct the related criminal proceedings.[2]

### C. Alternatives to Stay

Finally, the Represented Claimants argue that a stay is not required because less extreme remedies, such as dealing with objections to discovery on a case-by-case basis, remain available. In reply, the United States argues that the § 981(g)(1) stay provision was intended precisely to avoid the piecemeal discovery motions practice suggested by the Represented Claimants.

---

[2] The Court also rejects the Represented Claimants' position that the United States cannot demonstrate adverse effect because Claimant Scruggs received discovery in a state criminal case. As the United States explains, the investigation and federal prosecution remain ongoing, as evinced in part by the recent superseding indictment charging Dodd with additional crimes.

Additionally, though it has no bearing on the Court's decision, the Court agrees with the Represented Claimants that the United States' concern for the burden on the claimants' privilege against self-incrimination is irrelevant as to whether a stay is warranted under § 981(g)(1). While § 981(g)(2) specifically provides that a claimant may move for a stay on that ground, it is omitted from § 981(g)(1) under which the United States may seek a stay. *See* 18 U.S.C. § 981(g)(2) ("Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that— (A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.").

Section 981(g)(3) provides that, even if the first two prongs are met, "the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case." 18 U.S.C. § 981(g)(3).

The plain language of this subparagraph makes clear that such an option is available only if a single protective order would be sufficient to protect the parties' interests. It does not contemplate motions practice as an alternative to a stay. The Court further finds that, given the facts and circumstances in this case, a protective order would not sufficiently protect the parties' interests. Mr. Gray's dual roles as counsel for Dodd in the criminal case and counsel for the Represented Claimants in this matter precludes the ability to fashion a protective order to prevent information in this case from going directly to Dodd's criminal defense attorney. As such, the Court finds that a stay is appropriate in this case.

### III. Conclusion

18 U.S.C. § 981(g) provides that the Court "shall stay" a civil forfeiture proceeding upon finding that civil discovery will "adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." Having made the required findings, the Court now **GRANTS** the United States' Motion to Stay Proceedings [Dkt. 33] and **STAYS** this matter pending the entry of judgment in *United States v. De La Cruz*, No. 1:15-cr-00150 (S.D. Ind. filed July 22, 2015).

SO ORDERED.

Dated: 21 OCT 2016

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

10

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.

And by U.S. Mail to

CHRISTOPHER GLASS
9433 Meadowlark Dr.
 Indianapolis, IN 46235