UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>$9,171.00 UNITED STATES CURRENCY,<br>$7,058.00 UNITED STATES CURRENCY,<br>ONE TAURUS 9MM HANDGUN,<br>SERIAL NUMBER TAR15190,<br>ONE TAURUS HANDGUN,<br>SERIAL NUMBER SVI74717,<br>ONE SMITH AND WESSON<br>.40 CALIBER REVOLVER,<br>SERIAL NUMBER FWK2365, and<br>ONE RUGER 9MM HANDGUN,<br>SERIAL NUMBER 32567336,<br><br>    Defendants.<br><br>NIKKI JONES, MONTE SCRUGGS, BRANDY<br>SCURLOCK, and CHRISTOPHER GLASS,<br><br>    Claimants. | No. 1:16-cv-00483-TWP-MJD |

## DECLARATION OF TIMOTHY L. BATES

I, Timothy L. Bates, hereby declare and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have served as an FBI Special Agent since 2009. I have been assigned to the Indianapolis Field Office since graduation from the FBI Academy. While working in the Indianapolis Field Office I have been assigned to the Gang and Criminal Enterprise Squad, which encompasses the FBI Safe Streets Gang Task Force ("SSGTF"). Prior to being assigned to SSGTF I was assigned to the Indianapolis Joint Terrorism Task Force ("JTTF"). Prior to my employment with the FBI, I was in infantry soldier in the U. S. Army. I have received training in the enforcement of laws

1

concerning controlled substances from the Federal Bureau of Investigation and the Indianapolis Metropolitan Police Department. I have testified in judicial proceedings and prosecutions for violations of firearms and controlled substances laws. I have participated in investigations involving the manufacturing, trafficking, and distribution of illegal drugs, to include but not limited to the debriefing of defendants, witnesses, informants, and others whom have knowledge of drug trafficking and of the laundering and concealing of proceeds from drug trafficking. I have received specialized training in the utilization of investigative techniques, and have also received specialized training regarding the investigation of criminal gangs and other criminal enterprises.

2. In July 2015, the FBI Safe Streets Gang Task Force had an ongoing investigation concerning the activities of the "Block Burners" gang, which was conspiring to distribute controlled substances, including heroin, cocaine, and prescription narcotics, in central Indiana. On July 22, 2015, $9,171.00 in United States Currency, one Taurus handgun, SN: SVI74717, and one Ruger 9mm handgun, SN: 32567336, were seized by the FBI from the residence of Monte Scruggs and Brandy Scurlock, 3666 Cedar Pine Place, Indianapolis.

3. As detailed in the affidavit supporting the search warrant for 3666 Cedar Pine Place, Scruggs was identified by law enforcement as being engaged in the trafficking of cocaine and heroin. (Warrant 1:15-mj-495). Precision location information referenced in the warrant affidavit showed the nature and frequency of contact between Scruggs and William Dodd.

4. When the residential search warrant was executed, the $9,171.00 was found in and seized from six locations:

- $4,900.00 from the pocket of a blue vest, which appears to be an item of male clothing, found in the master closet;



- $2,000.00 from a paper bag inside a shoebox in the master closet;



- $940.00 from the floor to the left of the toilet in the master bath;

- $800.00 from a metal money bank in the master closet;

- $297.00 from the front right pocket of pants belonging to Scruggs that lay on the floor to the left of the bed in the master bedroom; and

- $234.00 from a plastic jug/bank next to the chest of drawers in the master

3

bedroom.

These locations were accessible to Scruggs, who was inside the residence and seen leaving the master bedroom when the search warrant was executed. These locations were also adapted to conceal the currency.

5. The Taurus SN SVI74717 was recovered from a safe underneath the bed in the master bedroom. The Ruger SN 32567336 was recovered from between the mattresses of the bed in the master bedroom.

6. I checked Indiana Department of Workforce Development records for Scruggs, and the records showed that Scruggs did not earn any documented income for 2015.

7. It is common practice for traffickers of controlled substances to conceal large sums of currency at their residence, currency that is the proceeds of controlled substance exchanges or is intended to be furnished in exchange for a controlled substance.

8. Individuals who engage in the unlawful distribution of controlled substances often maintain possession and control of firearms in an attempt to protect themselves, their supply of controlled substances, and their proceeds from controlled substance transactions.

9. Also as part of the Block Burners investigation, Michael Jones was identified by federal law enforcement as being engaged in the trafficking of cocaine, as shown by facts in the affidavit supporting the search warrant for Michael Jones' residence, 5936 North Rockingham Lane, McCordsville (Warrant 1:15-mj-488), and the search warrant for 8326 East 34th Street, Indianapolis (Warrant 1:15-mj-489). The affidavits established probable cause that Michael Jones in 2015 routinely delivered cocaine out of 8326 East 34th Street.

10. On June 23, 2015, Michael Jones sold approximately one-half (1/2) gram of cocaine to CHS-6. Task Force Officer Nicholas Stewart and I witnessed the transaction. The

cocaine was recovered and CHS-6 was debriefed by law enforcement.

11. Nikki Jones was married to Michael Jones, and their residence was searched on July 22, 2015 pursuant to the search warrant in paragraph 9 above. One Taurus 9 mm handgun, SN: TAR1590, was recovered from under the mattress in the master bedroom, a place accessible to Michael Jones. The Taurus SN TAR1590 was loaded, which adapted it to use to facilitate drug trafficking activity.

12. Agents/task force officers also seized $7,058.00 in United States Currency from a Ford Flex, VIN: 2FMGK5C88EBD40439 and Indiana license #554EA, that was parked in the driveway of 5936 North Rockingham Lane. Narcotics detection dog "Gorky" alerted on the driver's side rear passenger door of the Ford Flex. The Ford Flex was then opened, and the $7,058.00 was found in rubber-banded bundles in the center console of the Ford Flex.



13. This location and presentation of the currency were indicative of drug trafficking because the drug detection canine had alerted to the vehicle, and the way in which the $7,058.00 was folded and rubber-banded is consistent with how narcotics traffickers typically store their proceeds.

14. Prior to the towing of the Ford Flex, Michael Jones' Indiana identification card, his credit cards, and his handicap vehicle controls were removed from the Ford Flex and given to him. Nikki Jones' wallet and other keys were removed from the Ford Flex and given to her.

I hereby affirm under the penalties for perjury that the foregoing representations are true and accurate.

_____  
Timothy L. Bates  
Special Agent, FBI

May 31, 2019