UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> $9,171.00 UNITED STATES CURRENCY, ) <br> $7,058.00 UNITED STATES CURRENCY, ) <br> ONE TAURUS 9MM HANDGUN, SERIAL ) <br> NUMBER TAR15190, ) <br> ONE TAURUS HANDGUN, SERIAL NUMBER ) <br> SVI74717, ) <br> ONE SMITH AND WESSON .40 CALIBER ) <br> REVOLVER, SERIAL NUMBER FWK2365, ) <br> ONE RUGER 9MM HANDGUN, SERIAL ) <br> NUMBER 32567336, ) <br> ) <br> Defendants. ) <br> ) <br> MONTE SCRUGGS, ) <br> NIKKI JONES, ) <br> BRANDY SCURLOCK, ) <br> CHRISTOPHER GLASS, ) <br> ) <br> Claimants. ) | No. 1:16-cv-00483-TWP-MJD |

**REPORT AND RECOMMENDATION**
**HON. MAGISTRATE JUDGE MARK J. DINSMORE**

On December 7, 2018, the Court scheduled this matter for a settlement conference, and Claimant Christopher Glass was ordered to appear in person. [Dkt. 51.] On April 15, 2019, the Court conducted the settlement conference, and Mr. Glass failed to appear in person as ordered. [Dkt. 68.] On that same date, Court issued an Order setting a show cause hearing for May 15,

2019 and ordered Mr. Glass to appear in person to answer why he should not be sanctioned for having failed to appear for the April 15, 2019 settlement conference. [Dkt. 69.] The Court's order further stated. "Failure to appear as ordered may result in sanctions, including the recommendation that Mr. Glass's claims be dismissed." [*Id*. at 2.] On May 15, 2019, the Court held a hearing pursuant to its Order to Show Cause, and Mr. Glass again failed to appear as ordered.

A district court has the inherent authority to impose sanctions on [a party] for the "willful disobedience of a court order." See *Trzeciak v. Petrich*, No. 2:10-CV-358-JTM-PRC, 2014 WL 5488439, at *1 (N.D. Ind. Oct. 29, 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)). This power is governed "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Barnhill v. U.S.*, 11 F.3d 1360, 1367 (7th Cir. 1993) (internal quotation omitted). A court's inherent powers are to be used "to reprimand the offender" and "to deter future parties from trampling on the integrity of the court." *Dotson v. Bravo*, 321 F.3d 663, 668 (7th Cir. 2003)). The sanction imposed by a court "should be proportionate to the gravity of the offense." *Montaño v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008).

Claimant Christopher Glass has repeatedly failed to comply with the Court's orders by failing to appear as ordered for the April 15, 2019 settlement conference [Dkt. 51] and the May 15, 2019 show cause hearing [Dkt. 69].

All litigants, *pro se* or otherwise, must abide by the same rules and procedures of the courts. Litigants are responsible for maintaining a current address with this Court and remaining informed of updates to the case docket. "The Court must be able to communicate with *pro se* parties through the United States mail. [The litigant] shall report any change of address to the Court, in writing, within ten days of any change. The failure to keep the Court

informed of a current mailing address may result in [] dismissal . . . ." *Flame-Bey v. Francum, No. 1:18-cv-01032-TWP-DML, 2018 WL 2388657, at \*2 (S.D. Ind. May 25, 2018)*, *see also Sprankle v. Wexford Health Sources,* No. 2:18-cv-00201-WTL-MJD, 2018 WL 2010453, at \*3 (S.D. Ind. Apr. 30, 2018). A litigant is responsible for maintaining communication with the Court and cannot hide behind his or her own neglect by failing to provide an effective means of contact regarding the case. *See, e.g., Buchanan v. Weaver,* 657 Fed. Appx. 588 (7th Cir. 2016) (plaintiff was "responsible for maintaining communication with the court concerning his suit"). However, even without an effective means of contact, the duty remains on the litigant to monitor the court docket. Inattention to the docket is not an excuse for failure of knowledge. It is the duty of counsel "to monitor the docket and to advise himself when the court enters an order against which he wishes to protest." *Bardney v. U.S.,* 959 F. Supp. 515, 523 (N.D. Ill. 1997) (quoting *Mennen Co. v. Gillette Co.,* 719 F.2d 568, 570 (2d Cir. 1983)). Neglecting to adequately monitor the court docket does not provide justification for relief from a court's sanction. *Id.*

These standards set for counsel are expected of *pro se* litigants. "Although pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants." *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000). "Trial courts generally do not intervene to save litigants from their choice of counsel, even when the lawyer loses the case because he fails to file opposing papers. A litigant who chooses *himself* as legal representative should be treated no differently." *Jacobsen v. Filler,* 790 F.2d 1362, 1364-65 (9th Cir. 1986) (emphasis in original). Therefore, while *pro se* litigants are given some leniency as to the substance of their pleadings, all litigants must follow the same procedural requirements. This includes notifying the Court of any address

change, monitoring case updates on the docket, and appearing before the Court when ordered. *Pro se* litigants have chosen to represent themselves, and in doing so, are held to the same procedural requirements as legal counsel.

Accordingly, the Magistrate Judge recommends that Christopher Glass's claims in this matter be dismissed for his repeated failures to comply with the Court's orders, as well as for his failure to keep the Court apprised of his current contact information.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service of this Order shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:   21 JUN 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

CHRISTOPHER GLASS
9433 Meadowlark Dr.
Indianapolis, IN 46235

Eric Parker Babbs
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
eric.babbs@usdoj.gov

John E. Childress
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
john.childress@usdoj.gov

Stephen G. Gray
ATTORNEY AT LAW
misstuffy@aol.com