# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cv-00483-TWP-MJD |
| $9,171.00 UNITED STATES CURRENCY, | ) |
| $7,058.00 UNITED STATES CURRENCY, | ) |
| ONE TAURUS 9MM HANDGUN, | ) |
| Serial Number TAR15190, | ) |
| ONE SMITH AND WESSON .40 CALIBER | ) |
| REVOLVER, Serial Number FWL2365, ONE | ) |
| TAURUS HANDGUN, Serial Number SV174717, | ) |
| ONE RUGER 9MM HANDGUN, | ) |
| Serial Number 32567336, | ) |
| Defendants. | ) |
| AND THE INTERESTS OF: | ) |
| NIKKI JONES, Claimant, | ) |
| MONTE SCRUGGS, Claimant, | ) |
| BRANDY SCURLOCK, Claimant. | ) |

## ENTRY DENYING CLAIMANT'S MOTION TO SUPPRESS

This civil forfeiture action is before the Court on Claimant Nikki Jones' ("Ms. Jones") Motion to Suppress Evidence (Filing No. 71). The United States of America ("the Government") seeks forfeiture of assets that include $7,058.00 in United States Currency seized from Ms. Jones' vehicle. She contends seizure of the $7,058.00 was the product of an unlawful search of her vehicle in violation of her rights under of the Fourth Amendment to the United States Constitution. For reasons stated below, Ms. Jones' Motion to Suppress is **denied.**

# I. BACKGROUND

On July 14, 2015, the magistrate judge issued a search warrant for any authorized law enforcement officer to search the "property and premises" located at 5936 North Rockingham Lane, McCordsville, Indiana. ([Filing No. 71-1 at 1-2](#)). A photograph of the premises displayed a two-story single family home with a garage door, a front yard, and a driveway in front. *Id* at 2. The items to be searched for and seized in the narcotics investigation included: currency; financial instruments or evidence of financial transactions; driver's licenses or passports; "any and all evidence of false and/or fictitious identification documents, to include ... any state … drivers licenses … identification cards, [or] credit cards"; records or documents evidencing travel within or outside of Indiana, to include airline records, bus and train tickets, hotel records, and car rental records; indicia of occupancy, residency, or ownership and control "of the premises and other, off-site locations, including … keys"; firearms; and controlled substances. ([Filing No. 71](#)-1 at 3-5).

On July 22, 2015, FBI agents and other law enforcement officers executed the federal search warrant at the home of Michael and Nikki Jones, located at 5936 North Rockingham Lane, McCordsville, Indiana. A narcotics canine that had been deployed to the address alerted on a 2014 Ford Flex parked in the driveway of the Rockingham address. The vehicle was registered to Ms. Jones. During the search, agents located $7,058.00 in United States Currency in the console of the vehicle, as well as a loaded Taurus handgun, and several cell phones. Officers searched the Ford Flex while it remained parked in the driveway. Ms. Jones informed officers that there was $6,000.00 reimbursement from her mother's funeral inside her car.

Although no drugs were recovered from the vehicle or residence, agents believed the currency and other property constituted proceeds of and/or property used to facilitate violations of the Controlled Substances Act. Based on this belief, the currency and other property was seized

and taken into custody by the FBI. On May 14, 2019, Ms. Jones filed the instant Motion to Suppress the $7,058.000 as evidence, arguing the search warrant did not allow a search of her vehicle and seizure of the currency was therefore unlawful.

## I. LEGAL STANDARD

The Fourth Amendment provides,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. "If the search or seizure was effected pursuant to a warrant, the defendant bears the burden of proving its illegality." *United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985). In reviewing the issuance of a search warrant:

> a magistrate's determination of probable cause…should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the **magistrate** could reasonably conclude that the items sought to be seized are associated with the **crime** and located in the place indicated.

*United States v. Norris*, 640 F.3d 295, 300 (7th Cir. 2011) (quoting *United States v. Spry*, 190 F.3d 829, 835 (7th Cir. 1999)). Instead of focusing on technical aspects of probable cause, the reviewing court should consider all facts presented to the magistrate. *United States v. Lloyd*, 71 F.3d 1256, 1262 (7th Cir. 1995).

The Government does not dispute that Ms. Jones as a claimant, has standing to challenge the lawfulness of a search or seizure of property which the Government is attempting to forfeit. Rule G(8)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that "[i]f the defendant property was seized, a party with standing to contest the

lawfulness of the seizure may move to suppress use of the property as evidence." *United States v. $304,980.00 in U.S. Currency*, 732 F.3d 812 (7th Cir. 2013).

## II. DISCUSSION

As an initial matter, the Court notes that Ms. Jones does not challenge the accuracy of the information articulated by law enforcement in the search warrant. She assumes, without conceding, that officers had probable cause to search the vehicle as a result of the canine alert. ([Filing No. 71 at 4](#)). There are no disputed factual issues and neither party requested a hearing on the motion to suppress. Accordingly, the Court is able to rule on the motion without a hearing. "District courts are required to conduct evidentiary hearings only when a substantial claim is presented and there are disputed issues of material fact that will affect the outcome of the motion." *United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011).

Ms. Jones moves to suppress all evidence seized from her vehicle because the warrant did not specifically permit a search of her vehicle, and she therefore asserts it was a warrantless search. She argues that the scope of the warrant was limited only to the house, thus the search of the vehicle in her private driveway was a warrantless search in violation of the Fourteenth Amendment. She asserts that the inventory exception does not apply because the search was not incident to her arrest; the automobile exception does not apply because the vehicle was parked in a private driveway; and there were no exigent circumstances and no risk of the vehicle being driven away before officers could obtain a separate warrant to search her car. Thus, the only issue to be decided is whether a search warrant for residential premises authorizes a search of the vehicle in the driveway.

In response, the Government asserts that vehicles parked on the premises and connected to a residence described in the search warrant are subject to search. In support of their position, the

Government relies on several Seventh Circuit and other authorities that have addressed this issue and hold that a search warrant authorizing a search of particularly described premises may permit the search of vehicles that are found on the premises and owned or controlled by a resident. See *United States v. Percival*, 756 F.2d 600, 612 (7th Cir. 1985); *United States v. Evans*, 92 F.3d 540, 543 (7th Cir. 1996) (stating this rule "is not tied to ownership" of the premises); see *United States v. Asselin*, 775 F.2d 445, 446-47 (1st Cir. 1985) (warrant for search of premises authorized search of disabled vehicle parked adjacent to attached carport); *United States v. Napoli*, 530 F.2d 1198, 1200 (5th Cir. 1976) (warrant for search of premises authorized search of camper parked in the driveway); *United States v. Reivich*, 793 F.2d 957, 963 (8th Cir. 1986) ("[A] vehicle found on a premises (except, for example, the vehicle of a guest or other caller) is considered to be included within the scope of a warrant authorizing a search of that premises."); *United States v. Gottschalk*, 915 F.2d 1459, 1461 (10th Cir. 1990) ("[W]here the officers act reasonably in assuming that the automobile [on the premises] is under the control of the premises owner, it is included in the warrant"); see also *State v. Lucas*, 112 N.E.3d 728, 730 (Ind. Ct. App. 2018) (noting that the Seventh Circuit's analysis in Percival "has subsequently enjoyed support in our federal circuit and district courts").

The Government persuasively argues that here, the search warrant was neither expressly nor impliedly limited to Ms. Jones' house, but included the "property and premises … located at 5936 North Rockingham Lane …." (Filing No. 71-1.) A search warrant for residential premises encompasses not only the residence or house itself, but also the surrounding buildings and land. *United States v. Griffin*, 827 F.2d 1108, 1114-1115 (7th Cir. 1987), cited in *United States v. Hibbs,* 905 F.Supp.2d 862, 865 (C.D. Ill. 2012) (stating that "premises" is a broader term that

"residence"). The Court agrees that the because the search warrant authorized a search of both the property and "premises" officers were allowed to search Ms. Jones' vehicle after the canine alerted.

Moreover, as argued by the Government, because there was probable cause for the search warrant, the good faith exception applies and the public interest in having juries receive all probative evidence would outweigh any procedural error that might have occurred. There is no showing that the information relied upon by the magistrate judge to issue the warrant was false or in reckless disregard of its truth, and the warrant is not so lacking in indicia of probable cause so as to make reliance upon it unreasonable. *See United States v. Leon,* 468 U.S. 897, 923 (1984). The search warrant referred to the "premises" of 5936 North Rockingham Lane, it was at least reasonable for the officers to believe that it authorized a search of vehicles parked on the premises and connected to Nikki or Michael Jones. *See Hibbs*, 905 F.Supp.2d at 874 ("Even if the warrant did not authorize a search of the curtilage, the Court would still deny the Motion to Suppress under the good-faith exception [to the exclusionary rule]."). Under the circumstances of this case, the Court concludes that law enforcement officers relied upon the warrant in objective good faith, and would not have reasonable grounds to believe that the warrant was improperly issued, therefore the $7,058.00 should not be suppressed.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Ms. Jones' Motion to Suppress ([Filing No. 71](#)).

**SO ORDERED.**

Date: 3/18/2020

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stephen G. Gray
ATTORNEY AT LAW
misstuffy@aol.com

John E. Childress
UNITED STATES ATTORNEY'S OFFICE
john.childress@usdoj.gov

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE
kelly.rota@usdoj.gov