UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> $9,171.00 UNITED STATES CURRENCY, ) <br> $7,058.00 UNITED STATES CURRENCY, ) <br> ONE TAURUS 9MM HANDGUN, ) <br> Serial Number TAR15190, ) <br> ONE SMITH AND WESSON .40 CALIBER ) <br> REVOLVER, Serial Number FWL2365 ) <br> ONE TAURUS HANDGUN, ) <br> Serial Number SV174717, ) <br> ONE RUGER 9MM HANDGUN, ) <br> Serial Number 32567336, ) <br> ) <br> Defendants. ) <br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) <br> ) <br> AND THE INTERESTS OF: ) <br> NIKKI JONES, Claimant, ) <br> MONTE SCRUGGS, Claimant, ) <br> BRANDY SCURLOCK, Claimant. ) | Case No. 1:16-cv-00483-TWP-MJD |

**ENTRY ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on Claimant Nikki Jones' ("Ms. Jones") Motion for Summary Judgment (Filing No. 72), and Plaintiff's Cross-Motion for Summary Judgment and Opposition to Nikki Jones' Motion for Summary Judgment filed by the United States of America (the "Government")[1] (Filing No. 80). The Government initiated this civil action against the defendant property, seeking forfeiture of $9,171.00 in U.S. Currency, $7,058.00

---

[1] Plaintiff's motion is titled "Cross-Motion for Summary Judgment," however a cross-motion is where opposing parties each move for summary judgment in their favor pursuant to Rule 56. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 (7th Cir. 1996). The Government does not move for summary judgment on Nikki Jones' claim, and the other claimants have not moved for summary judgment, thus, the motion is actually one for summary judgment.

in U.S. Currency, a Taurus handgun, Serial Number SV174717 ("Taurus SV174717"), a Ruger 9mm handgun (the "Ruger"), a Taurus 9mm handgun, Serial Number TAR15190 ("Taurus 15190"), and a Smith and Wesson. 40 caliber revolver (the "Smith and Wesson"); seized incident to a series of search warrants.

The Cross-Motion seeks a judgment of forfeiture of the Taurus SVI74717 and Ruger claimed by Brandy Scurlock ("Scurlock"); the Taurus 15190, to which Ms. Jones filed and later withdrew a claim; the Smith and Wesson, the subject of a purported claim by Christopher Glass ("Glass"); and a judgment of forfeiture of the $9,171.00, to which Monte Scruggs ("Scruggs") and Scurlock filed claims. Also pending is the Government's Motion to Strike the Answer and Claim of Christopher Glass. ([Filing No. 65](Filing No. 65).) For the reasons stated below, Ms. Jones' Motion for Summary Judgment is **granted** and the Government's Cross-Motion for Summary Judgment is **granted in part and denied in part.** In addition, the Government's Motion to Strike is **granted**.

## I. BACKGROUND

For the most part, the facts of this case are undisputed. In 2015, the Federal Bureau of Investigation ("FBI") Safe Streets Gang Task Force in Indianapolis, Indiana was investigating the activities of the "Block Burners Gang," a gang allegedly conspiring to distribute controlled substances, including heroin, cocaine, and prescription narcotics in Indiana. ([Filing No. 1 at 3](Filing No. 1 at 3).) In the course of the investigation, on June 23, 2015, Michael Jones sold cocaine to a confidential informant. ([Filing No. 80-2](Filing No. 80-2).) The cocaine was recovered and the informant was debriefed by law enforcement. *Id*. The confidential informant reported that he observed a large quantity of both cocaine and cocaine base on

the kitchen table at 8326 East 34th Street, Indianapolis, Indiana ("34th Street"), an address where Michael Jones sold cocaine. *Id*. Based on this information, FBI Special Agent Tim Bates ("Agent Bates") presented an Affidavit to a magistrate judge for search warrants for both the 34th Street address and for 5936 Rockingham Lane, McCordsville, Indiana ("Rockingham Lane"), the address where Michael Jones resided with his wife, Nikki Jones. ([Filing No. 80-2 at 22-23](), [Filing No. 80-3]()). A search warrant was issued for 34th Street, based on probable cause that Michael Jones had routinely delivered cocaine out of that address. *Id*. Contemporaneously, a search warrant was issued for the Rockingham Lane address. The Affidavit alleged that Michael Jones was a "known drug dealer in the Indianapolis area," his wife, Nikki, owned the residence at Rockingham Lane, and the cable bill was in Michael Jones' name. *Id* at 22-23. Based on information contained in the Affidavit, the magistrate judge found probable cause and issued search warrants for both addresses associated with Michael Jones.

On July 22, 2015, the federal search warrant for Rockingham Lane was executed. The warrant covered the "property and premises" located at the that address. Agents recovered a loaded Taurus SV15190 from underneath the mattress in the master bedroom of the residence. The firearm was registered to Jarod Haggard. Because the master bedroom was a place accessible to Michael Jones, the Government alleges the firearm is forfeitable as being "furnished or intended to be furnished by a person in exchange for a controlled substance or was used or intended to be used or facilitate violations of the Controlled Substances Act." ([Filing No. 1]().)

A narcotics dog that had been deployed to the Rockingham Lane site alerted on a

2014 Ford Flex parked in the driveway. Agents searched the vehicle and located $7,058.00 in United States currency in the center console. The vehicle was registered to Ms. Jones. On June 12, 2015, Ms. Jones was the sole beneficiary of her mother's life insurance policy, and she received an insurance check in the amount of $19,374.05. ([Filing No. 73-3 at 2](#).) Prior to the search of her Ford Flex, Ms. Jones informed officers that there was $6,000.00 reimbursement from her mother's funeral inside of the vehicle. The Court has determined that the search of Ms. Jones vehicle was valid. (*See* Filing No. 103).

Michael Jones sometimes drove the Ford Flex in 2015, but Ms. Jones is uncertain how frequently. ([Filing No. 80-5](#).) Before the Ford Flex was towed, Michael Jones' Indiana identification card, credit cards, and his handicap vehicle controls were removed from the vehicle and given to him. ([Filing No. 80-1](#).) Ms. Jones' wallet and other keys were removed from the Ford Flex and given to her. *Id*. No drugs were recovered from inside the residence or the Ford Flex.

On that same date, a search warrant was executed at 3666 Cedar Pine Place, Indianapolis, the residence of Scruggs' fiancé, Scurlock. That residence was occupied full-time by Scurlock, and Scruggs would reside there "off and on" as he sometimes stayed at his mother's residence. When the residential search warrant was executed, $9,171.00 was found and seized from six locations throughout the master bedroom. Each location was accessible to Scruggs, who was in the residence and seen leaving the master bedroom when the search warrant was executed. The Taurus SVI74717 (registered to Scurlock) was recovered from a safe underneath the bed in the master bedroom and the Ruger was recovered from between the mattress of the bed in the master bedroom. Scruggs had no

verifiable employment or income for 2015. He claimed ownership of $5,500.00 of the $9,171.00 as proceeds from when he sold a vehicle to a stranger named "Mike". However, Scruggs had no documentation of the sale. Scurlock claims ownership of $3,671.00.

Scruggs was twice convicted in the Marion Superior Court; once for dealing in cocaine or a narcotic drug, Class A felony in 2006, Cause No. 49G20-0412-FA-232834; and later, dealing in cocaine, Class B felony in 2008, Cause No. 49G20-0605-FA-085676. ([Filing No. 80-10](#).) In both cases, Scruggs violated his probation, and he was committed to the Indiana Department of Correction to serve his full sentences. ([Filing No. 80-12](#).) He was discharged from his state sentences on March 28, 2013, when he was ordered placed in a community transition program. ([Filing No. 80-12](#).) In 2015, Scruggs was identified by law enforcement as being engaged in the trafficking of cocaine and heroin with his childhood friend, convicted drug felon, William Dodd, the purported leader of the Block Burners Gang, a drug trafficking gang.

The Smith and Wesson was seized on July 22, 2015 from 9367 Meadowlark Drive, Indianapolis, Indiana, the residence of Anthony Pryor. During the investigation, multiple buys of cocaine and cocaine base were made from Pryor at his residence. When 9367 Meadowlark Drive was searched pursuant to a federal warrant, William Christopher Boyd was the only individual at the residence. ([Filing No. 1](#) ¶ 22). Agents seized the Smith and Wesson revolver, $1,123.00 in United States Currency, numerous cell phones, digital scales, an Indiana identification card in Pryor's name, and assorted plastic bags containing suspected cocaine and marijuana. Because there was probable cause that the Smith & Wesson was used to facilitate violations of the Controlled Substances Act, it was taken into

custody by the FBI. The last registered owner of the Smith and Wesson was Christopher Glass.

On March 1, 2016, the Government filed the instant Complaint of Forfeiture In Rem against the defendant property, pursuant to 21 U.S.C. § 881(a)(6), alleging the defendant property constitutes proceeds of, or is property used to facilitate a violation of, the Controlled Substances Act. The Government also seeks forfeiture of several firearms pursuant to 18 U.S.C. 924(d) and 31 U.S.C. § 5317(c)(2).

On March 7, 2016, Ms. Jones filed a claim for the $7,058.00 and the Taurus SV1590 firearm (Filing No. 8), however, she later abandoned her claim for the firearm. (Filing No. 80-4.) Scruggs and Scurlock filed a claim for the $9,171.00. (Filing No. 9.) Scurlock filed a claim for the Taurus SVI74717 and Ruger firearms. (Filing No. 10). Glass filed an unverified claim for the Smith and Wesson revolver (Filing No. 17), but failed to appear for a show cause hearing regarding deficiencies in his claim and the Government's motion to strike his unverified claim. The Government moved for entry of default on the Smith and Wesson after no other timely claims were filed.

On May 3, 2019, Ms. Jones filed a Motion for Summary Judgment arguing the Government had no probable cause to institute a forfeiture action against her $7,058.00 and she is entitled to judgment as a matter of law. (Filing No. 72.) On June 10, 2019, the Government filed a Cross-Motion for Summary Judgment and Opposition to Nikki Jones' Motion for Summary Judgment. (Filing No. 80.)

## II. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof

in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante,* 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged

factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997).

### III. **DISCUSSION**

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") codified the Government's burden of proof in a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property—

> (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;
>
> (2) the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture; and
>
> (3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

18 U.S.C. § 983(c). "All moneys . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance" shall be subject to forfeiture, and no property rights shall exist in them. 21 U.S.C. § 881(a)(6). Further, "all proceeds" traceable to the distribution of a controlled substance, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, shall be subject to forfeiture, and no property rights shall exist in them. *Id*.

Ms. Jones seeks summary judgment arguing the Government had no probable cause to institute a forfeiture action against her $7,058.00 and she is entitled to judgment as a matter of law. The Government contends that Ms. Jones' summary judgment motion

should be denied because genuine issues of material fact exists as to the ownership of the $7,058.00. As to the $9,171.00, the Taurus 174717, the Ruger, the Taurus 15190, and the Smith and Wesson, the Government seeks summary judgment in its favor and asserts that all right, title and interest in the defendant property should be forfeited to the United States pursuant to 18 U.S.C. § 924(d)(1) and 21 U.S.C. § 881(a)(11). The Court will first address Ms. Jones' Motion before turning to the Government's Cross-Motion.

A. **Nikki Jones' Motion for Summary Judgment**

The Government's theory for forfeiture of the $7,018.00, is that this defendant property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense. Accordingly, the Government must establish that there was a substantial connection between the property and the offense.

Ms. Jones seeks summary judgment on two bases: first, she contends the Government did not have probable cause that her currency was the proceeds of any criminal activity at the time it instituted its forfeiture complaint; and second, the undisputed material facts do not connect the $7,018.00 currency to any criminal activity.

In support of her first contention, Ms. Jones asserts that only evidence identified in the Complaint may be used by the Government to meet its burden, and any evidence obtained by the Government after the complaint was filed is irrelevant and inadmissible in deciding the summary judgment motion. She notes that during the search of the residence on Rockingham Lane that she shared with her husband, Michael Jones, no controlled substances or scales or evidence of drug sales were recovered. Neither Ms. Jones nor her husband were arrested for any criminal offense and she has never been observed by law

9

enforcement during any suspicious or illegal activity. The Ford Flex vehicle is registered to Ms. Jones alone, and no officer has seen anyone other than Ms. Jones drive her vehicle. In addition, no controlled substances were located in the Ford Flex. Ms. Jones argues this evidence is insufficient to establish probable cause for forfeiture of her currency.

This first argument fails. As argued by the Government, it "may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture." 18 U.S.C. § 983(c)(2). Thus, the Court may consider the depositions, discovery responses, and other evidence designated by the parties to determine whether a genuine issue of fact remains for trial.

In support of her second contention, Ms. Jones argues the Government has failed to establish a "sufficient connection between the detailed narcotics activity and the particular assets targeted by the Government's forfeiture proceeding." See *U.S. v $506,231.00,* 125 F3d 442, 451-52. (7th Cir. 1997). She argues there is no designated evidence showing she has ever been to 8326 East 34th Street or that she is otherwise connected to that address. In its Answers to Interrogatories, when asked what fact connected Ms. Jones to the 34th Street address, the Government responded, "Nikki Jones was married to Michael Jones." ([Filing No. 73 at 5](Filing No. 73 at 5).) When asked if the Government contended that Ms. Jones engaged in any drug related activity, and derived this money from illegal transactions, the Government responded, "NO." *Id*. When asked what information about Ms. Jones was known to law enforcement prior to the search of her vehicle on July 22, 2015, the Government responded that "she was known to be the wife of Michael Jones since 2007 and the owner of 5936 Rockingham Lane". *Id*.

Ms. Jones asserts the Government has admitted that she is not guilty of wrongdoing, she has never been seen engaging in suspicious activity, she owns the vehicle in which the money was seized, and no drugs or paraphernalia were found in her home or in her vehicle. The only connection to the alleged drug transaction that Michael Jones purportedly conducted is her marriage to Michael Jones. Based on this evidence, she argues she is entitled to summary judgment because there is no evidence linking her currency to any criminal activity and no reasonable jury could find otherwise.

In their opposition brief, the Government argues there is sufficient evidence for a jury to find that the $7,058.00 was narcotics proceeds derived by Michael Jones. On June 23, 2015, Michael Jones sold cocaine to a confidential informant. The cocaine was recovered and the confidential informant was debriefed by law enforcement. The investigation identified 8326 East 34th Street, as Michael Jones' drug distribution site and identified Rockingham Lane as his home address. The Government points out that although the Ford Flex was registered to Ms. Jones, it was the only vehicle belonging to the couple. (Filing No. 80-5 at 14.) Thus, Michael Jones needed to use the Ford Flex to drive between his residence on Rockingham Lane and the 34th Street distribution site. Michael Jones' access to and use of the Ford Flex were confirmed in that his Indiana identification card, credit cards, and handicap vehicle controls were removed from the vehicle and given to him. (Filing No. 80-1.) Michael Jones' access to the vehicle made its console a logical place to store drug proceeds, as confirmed by the alert of the drug detection canine to the vehicle just before the $7,058.00 was removed from the vehicle. (Filing No. 80-1.)

The Government argues it is not required to prove the existence of a specific drug

11

transaction to establish probable cause, rather "it is enough that the government showed a connection to *some* transaction—the details are not necessary." *United States v. Funds in the Amount of $100,120*, 901 F.3d 758, 768 (7th Cir. 2018). The Government explains that it may meet its burden under 21 U.S.C. § 881(a)(6) by all of the circumstantial evidence that connects the currency to drug trafficking generally. *Id*.

The Government lists several factors which provide *indicia* that currency is the proceeds of controlled substance transactions, is intended to be exchanged for a controlled substance, or otherwise is used or intended to be used to facilitate a violation of the Controlled Substances Act. *See* 21 U.S.C. § 881(a)(6). In particular;

> [t]hese factors include drug activity by the person in possession of the currency; the amount of the currency being disproportionate to the person's legitimate income; the way in which the currency is carried, packaged, or concealed; an alert to the odor of a controlled substance on the currency, or the place associated with it, by a drug detection canine; the person's criminal history; and the person's statements or behavior that undermine a legitimate source of, or reason for possessing, the currency. See *Funds in the Amount of $30,670.00*, 403 F.3d at 468; *United States v. $63,530.00 in U.S. Currency*, 781 F.3d 949, 955 (8th Cir. 2015) (citing *United States v. $84,615 in U.S. Currency*, 379 F.3d 496, 501-02 (8th Cir. 2004)).

([Filing No. 81 at 16](#)).

Considering these factors, the Court concludes that no reasonable jury could find in favor of the Government. Ms. Jones has designated credible evidence that less than a month prior to the seizure, she received insurance proceed of $19,000.00, following the death of her mother. She immediately claimed the money in the vehicle and attributed its source to insurance proceeds from her mother's life insurance that she had received just 30 days before the search. Although it is not typical to store $7,058.00 in cash inside of one's vehicle, Ms. Jones' wallet and keys were also located in her car. The Government's only

12

basis for forfeiture of the $7,058.00 is Ms. Jones' marriage to Michael Jones and the fact that a canine alerted on her vehicle. But there is no allegation or designated evidence that the canine alerted on the currency itself. Moreover, there is no evidence to connect Ms. Jones to her husband's alleged drug trafficking, or his sale of cocaine to the confidential informant from his drug house on 34th Street. The Government concedes that Ms. Jones had not been observed or involved in any illegal activity and that her only connection to the "drug house" was her marriage to Michael Jones who was seen at that address on one occasion. Accordingly, summary judgment is **granted** as a matter of law on Ms. Jones' claim for $7, 058.00.

**B.     Government's Cross-Motion for Summary Judgment**

As mentioned earlier, although titled a Cross-Motion, the Government's Motion at Filing No. 80 is actually a request for summary judgment against the remaining claimants. At issue are two firearms, the Taurus SN SVI74717 and Ruger SN 32567336, both claimed by Scurlock, and $9,171.00 in U.S. currency of which Scurlock claims $3,671.00 and Scruggs claims $5,500.00. Ms. Jones withdrew her original claim for the Taurus 15190 firearm. The Government has moved to strike Glass' unverified claim for the Smith and Wesson. Glass' failure to respond to the Government's Cross-Motion requires the Court to treat the movant's version of the facts as uncontested. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994); *Childress v. Experian Info. Servs.*, 2014 Lexis 103738, 9-11 (S.D. Ind. 2014) (J. Pratt); S.D. Ind. Local R. 56-1(f) ("[i]n deciding a summary judgment motion, the court will assume that the facts as claimed by admissible evidence by the movant are admitted without controversy except to the extent that the non-

movant specifically controverts the facts in that party's "Statement of Material Facts in Dispute" with admissible evidence") (internal citations omitted). The Court will address each claim in turn.

### 1. Brandy Scurlock's Claim for the Taurus SN 174717 and Ruger firearms

The Gun Control Act, as amended, makes it unlawful for certain persons, including felons (persons convicted of crimes punishable by more than one year in prison), to possess firearms or ammunition. 18 U.S.C. § 922(g)(1). Any firearm or ammunition that is involved in or used in a knowing violation of Section 922(g) shall be subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

The Government has designated evidence to show that in 2015, Scruggs was engaged in the trafficking of cocaine and heroin. (Filing No. 80-7.) Although the Taurus SV174717 was registered to Scurlock and she claims ownership of both firearms, the Government contends the Taurus SV174717 and Ruger firearms should be forfeited because they were also constructively possessed by Scruggs, a convicted felon. Although a criminal conviction is in no way a prerequisite to civil forfeiture of property, possession of a firearm by a prohibited person may rest on either actual or constructive possession. *United States v. Garrett*, 903 F.2d 1105, 1110 (7th Cir. 1990). In addition to being actual or constructive, possession need not be exclusive, but may be joint. *Id*.

Relying on *United States v. Kitchen*, the Government argues that Scruggs constructively possessed the two firearms found in the master bedroom where he stored his belongings, including the $9,171.00 which he claimed. In *Kitchen*, firearms that were found in the bedroom of the residence which the defendant shared with his girlfriend were

deemed constructively possessed. *United States v. Kitchen*, 57 F.3d 516,521 (7th Cir. 1995). Here, when the search warrant was executed at 3666 Cedar Pine Place, Scruggs was observed by Agent Bates leaving the master bedroom where the two firearms were found. (Filing No. 80-1.) The Government argues this designated evidence and Scruggs' history of drug trafficking is sufficient to support summary judgment in its favor.

In response, Scurlock asserts there is no factual dispute that she is the owner of the two firearms, she is not a prohibited person and she can legally possess them. She argues there is no evidence that Scruggs was aware of the presence of the two firearms or intended to exercise dominion and control over them. In her deposition, Scurlock testified that Scruggs was not with her when she purchased the Ruger handgun (Filing No. 80-11 at 19), he was not living with her at the time it was purchased, she never told him about the gun, and he was not aware that she kept the Ruger in her safe under the bed. *Id*. at 22-23. Regarding the Taurus SV174717, Scurlock testified that she had never shown or discussed that handgun with Scruggs. In addition, Scruggs testified that he was unaware of any handguns at the Cedar Pine Place address, "until this happened" and he "did not know about any guns being kept at Brandy's house." (Filing No. 80-10 at 30.)

Considering the evidence in the light most favorable to Scurlock, as it must do at this stage of the proceedings, the Court concludes there are genuine disputes of material fact regarding the ownership and forfeiture of the Taurus SVI74717 and the Ruger. The Government's request for judgment as a matter of law is **denied** against Scurlock's claim to the firearms and these claims shall proceed to trial.

## 2. Monte Scruggs' and Bandy Scurlock's claims for the $9,171.00

Both Scruggs and Scurlock have filed claims for portions of the $9,171.00 in U.S. currency found in the master bedroom of the home at 3666 Cedar Pine Place. Scurlock claims $3,671.00 and Scruggs claims $5,500.00. The Government argues that nearly all of the factors that provide *indicia* that the currency is the proceeds of controlled substances are present and connect the entire $9,171.00 to drug trafficking by Scruggs.

> First, indicia of drug activity were articulated in the search warrant for 3666 Cedar Pine Place, issued upon a showing of probable cause that Scruggs was engaged in trafficking heroin and cocaine. On July 10, 2015, William Dodd went to see Scruggs at the Cedar Pine address, and continued monitoring of Dodd's location information showed ongoing contact between Dodd and Scruggs. (Filing No. 80-7.) An informant told federal law enforcement officers that Scruggs had been providing the informant with heroin in the early months of 2015. (Filing No. 80-7.) Another source of information stated that he/she, in May 2015, saw Scruggs in possession of an ounce and a half of cocaine – an amount that is suitable for distribution. (Filing No. 80-7.) Scruggs' drug activity was probative because he was in possession (actual or constructive) of the entire $9,171.00. The $9,171.00 was found in places to which Scruggs had access and over which he exercised control – the master bedroom closet and associated areas, consistent with his testimony that he stored cash at Cedar Pine Place at the time the search warrant was executed. (Filing No. 80-10 at 19.)
>
> Second, the amount of $9,171.00 is disproportionate to any legitimate income that Scruggs (or Scurlock) could document.
>
> Third, The currency was concealed in a highly suspicious manner--several locations and in the same master bedroom where the two firearms were located.
>
> Fourth, the criminal history of Scruggs is probative in that it involves the same kind of conduct—dealing in cocaine and narcotics in Indianapolis.

(Filing No. 81 at 17-18.) The Government also argues that Scurlock provided inconsistent statements about the currency and asserts that it has met its burden by a preponderance of

evidence, and Scurlock and Scruggs have not presented sufficient contrary evidence to show a genuine issue of fact.

In response, Scurlock and Scruggs argue that Special Agent Bates, is not competent to testify at the trial of this matter to unsworn, out of court statements, by two confidential informants. They ask the Court to strike this designated evidence presented by Special Agent Bates. The Court declines the request to strike this evidence. As asserted by the Government, hearsay is admissible when the declarant is unavailable as a witness and the statement is a statement against interest. Fed. R. Evid. 804(b)(3). Evidence that the confidential informant told federal agents that Scruggs had been providing the informant with heroin ([Filing No. 80-7](Filing No. 80-7)), constitutes a statement against interest because it is admission that the informant obtained heroin, an illegal substance. *See United States v. Lake*, 500 F.3d 629, 633 (7th Cir. 2007) ("the informant's admission that he had purchased crack is a statement against his penal interest …"). The Government argues the statement was also reliable, in part, because the informant accurately described Scruggs' residence (3666 Cedar Pine Place) and the kind of car Scruggs drove (an orange Charger). ([Filing No. 80-7 at 47](Filing No. 80-7 at 47).)

The Court agrees that the informant's statements in the warrant affidavit are reliable and admissible under Federal Rule of Evidence 804(b)(3), and probative to show that Scruggs was involved in drug trafficking. Upon review of the designated evidence the Court finds sufficient indicia that Scruggs clamed currency is connected to drug activity. Summary judgment is **granted** in favor of the Government as to Scruggs' $5,500.00 claim.

With respect to Scurlock, the Government has designated no evidence that she engaged in any drug related activity. Scurlock has maintained from the beginning in her

sworn administrative claim that she was a bailee for $3,000.00 of the $3,671.00. The Government's suggestion that she is dishonest because her court-filed verified claim differs somewhat from discovery responses in which she states she is a bailee is a factual issue in genuine dispute. The Court **denies** the Government's motion for summary judgment as to Scurlock's claim for $3,671.00 and this claim shall proceed to trial.

### 3. Christopher Glass' Purported Claim for the Smith and Wesson and Government's Motion to Strike

The Government moves to strike the Answer and Claim of Christopher Glass because Glass has not complied with the pleading requirements set forth in Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and argues that he lacks statutory standing. ([Filing No. 65](#).) Specifically, the Government argues that because Glass' attempted claim was unverified, ([Filing No. 17](#)), he does not have standing to contest forfeiture of the Smith and Wesson under Supplemental Rule G(5)(a). ([Filing No. 66](#).) Because Glass was convicted of two felonies after filing his unverified claim, the Government argues he would have to arrange for a third-party transfer pursuant to *Henderson v. United States*, 135 S. Ct. 1780, 1786 (2015). "Where a claimant fails to allege or establish standing, the United States may present a motion to strike such a claim and answer as motion for judgment on the pleadings." Supplemental Rule G(8)(c). In addition, the time for any amendment of the pleadings has passed. The Government's Motion to Strike Glass' claim is **granted** and Glass' purported claim for the Smith and Wesson is **stricken**. Because no other claims to the Smith and Wesson were filed in this action, summary judgment in favor of the Government is **granted**.

### 4. Nikki Jones' Claim for the Taurus SN 15190

Ms. Jones is the only person who filed a claim to the Taurus 15190, (Filing No. 8); however, in a discovery response dated March 27, 2019 she abandoned her claim to the Taurus 15190. (Filing No. 80-4.) No other claims to the Taurus 15190 were filed.

The Government moved for Clerk's default against all other potential claimants, (Filing No. 79), and that request was granted. (Filing No. 90.) Accordingly, summary judgment is **granted** as a matter of law in favor of the Government, with respect to the Taurus 15190.

### IV. CONCLUSION

For the reasons stated above, Nikki Jones' Motion for Summary Judgment, (Filing No. 72), is **GRANTED.** The Government shall return the defendant property, $7,058.00 U.S. currency, plus accrued interest, forthwith to the claimant Nikki Jones through her attorney, Stephen Gerald Gray, 2925 Senour Road, Indianapolis, Indiana, 46239. Ms. Jones is **terminated** from this action.

The Government's Cross-Motion for Summary Judgment, (Filing No. 80), is **GRANTED in part and DENIED in part.** Summary judgment is **granted** as to Monte Scruggs' claim for defendant property $5,171.00, as well as the Smith and Wesson and Taurus 15190 firearms. The Government shall prepare and submit an order of forfeiture for these two items of defendant property.

Summary judgment is **denied** as to Brandy Scurlock's claims for the defendant property $3,671.00 U.S. currency, the Taurus SVI74717 and the Ruger SN 32567336. Brandy Scurlock's claims shall proceed to trial.

**SO ORDERED.**

Date: 3/23/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stephen G. Gray
ATTORNEY AT LAW
misstuffy@aol.com

John E. Childress
UNITED STATES ATTORNEY'S OFFICE
john.childress@usdoj.gov

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE
kelly.rota@usdoj.gov